*E-filed 6/14/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICRON TECHNOLOGY, INC.,

    Plaintiff,

v.

TESSERA, INC.,

    Defendant.

Case No. C06-80093 MISC. JW (HRL)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

**[Re Docket No. 1]**

## BACKGROUND

Micron Technology (Micron) sues Tessera, Inc. (Tessera) in the Eastern District of Texas for patent infringement. Here, in this Miscellaneous Action, Micron moves to compel discovery from a third party, NEC Electronics America, Inc. (NECEA).

The patents in suit pertain to semiconductor "packaging." In this context, packaging is the permanent protective structure (or host) into which a silicon semiconductor chip is embedded. Electrical contacts on the packaging provide connections from the chip to the device in which the chip is to function.

Tessera licensed its allegedly infringing technology to NECEA's parent company. Micron claims that Tessera induced and/or contributed to infringement by NECEA. Micron argues that the documents it seeks from NECEA are important to proving its case against Tessera.

Micron served NECEA with an extraordinarily broad subpoena listing 53 categories of documents. NECEA objected to everything and refused to produce anything. Micron filed a motion to compel. The court ordered extra meet and confer efforts, but they were unsuccessful.

Before the motion came on for hearing, but after NECEA had filed its opposition, Micron submitted a revised "subpoena" which purported to significantly narrow the universe of the documents sought.[1]

There is no need to grapple with the original 53 categories of documents. The court will direct its attention to the so-called revised subpoena, which contains but four categories.[2]

The "new" subpoena starts with a definition of what Micron considers to be NECEA's relevant "products." This definition is complex and convoluted and, in the court's mind, not narrowly tailored.[3] The documents sought are those that go back to July 15, 1999. Then, paraphrased, the four categories are: documents sufficient to identify the "structure, design, and manufacture" of the products, sales numbers and marketing materials regarding same, six samples of each distinctive packaging type, product identification, and all communications between NECEA and Tessera relating to Tessera's technology or to Micron.

## DISCUSSION

**1. Legal Standard -- Relevance**

Generally, the Federal Rules set out a broad relevancy standard: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

---

[1] The word "subpoena" is a misnomer, since the document was never properly served. More accurately, it is a further meet and confer effort to arrive at an agreement with NECEA over the breadth and scope of the original subpoena.

[2] With the court's permission, NECEA filed a Sur-Reply addressed to the merits of the four categories.

[3] " 'Your Products' shall mean all components imported, made, used, sold, or offered for sale in the United States since July 15, 1999, that are packaged with at least one die in a face down configuration in a wire-bonded ball grid array (including in a wire-bonded stacked ball grid array) and/or are packaged in a folded stack package, including all such test vehicles, samples, components, system platforms, reference designs, modules or circuit boards using any of these components or designed to be used with any of these components, and specifically including, without limitation, semiconductors packaged in package numbers P60FF-80-CH1, S60FF-80-CH1, P62FF-80-DQ1, and P80FF-80-DH1(or other semiconductor package with the same or similar package), and any semiconductors imported, made, used, sold, or offered for sale in the United States under license from or pursuant to any other agreement with Tessera. 'Your Products' includes but is not limited to any components imported, made, used, sold, or offered for sale in the United States since July 15, 1999, that utilize any of the following semiconductor packaging types: Plastic BGA, PBGA, Plastic FBGA and FPBGA."

2

1 party." Fed. R. Civ. P. 26(b)(1). Discovery requests are relevant when they seek admissible
2 evidence or evidence that is "reasonably calculated to lead to the discovery of admissible
3 evidence." Fed. R. Civ. P. 26(b)(1). This same relevancy standard applies to third-party
4 subpoenas. *See Truswal Sys Corp. v. Hydro Air Eng'g Inc.*, 813 F.2d 1207, 1209-12 (Fed. Cir.
5 1987). An ancillary court should be "especially hesitant" to pass judgment on relevancy. *See*
6 *Truswal*, 813 F. 3d at 1212.

**2. Analysis -- Relevance**

NECEA argues that it should not have to produce any documents at all until Micron has produced evidence establishing the date(s) that Tessera learned of Micron's patents and engaged in some affirmative act of inducement (other than simply licensing its own patents to NECEA's parent company). In effect, NECEA either wants the right to decide if Micron has made a sufficient showing or wants this court to decide (a mini-trial?). While Micron will need that evidence to prevail on those claims at trial, it does not need it to obtain third party documents that seem to this court to be -- if appropriately narrowed -- fair game for discovery. *Micro Motion Inc. v. Kane Steel Co.*, Inc., 894 F.2d 1318 (Fed. Cir. 1990), which NECEA relies on, is not on point. Since NECEA's parent is a licensee of Tessera's allegedly infringing technology, Micron's interest in NECEA's documents is much more than "speculation."

NECEA also argues that there is no rhyme or reason to making it produce documents all the way back to July 15, 1999, when the license between Tessera and NECEA's parent was not agreed upon until June 2004. The court agrees. Micron's expressed rationale for wanting documents from NECEA does not logically support reaching all the way back to 1999. The court does not know when negotiations for the license began, but estimates that going back for about six months before then should reasonably cover the negotiation period. Therefore, the temporal start time for any production shall be January 1, 2004.

**3. Legal Standard -- Burden**

Courts have jurisdiction to limit discovery for various reasons, including that the discovery is obtainable from some other source that is more convenient, less burdensome, or less expensive or if the burden or expense of the proposed discovery outweighs its likely

3

1  benefit. Fed. R. Civ. P. 26(b)(2). "Thus, the factors required to be balanced by the trial court in
2  determining the propriety of a subpoena are the relevance of the discovery sought, the
3  requesting party's need, and the potential hardship to the party subject to the subpoena." *Heat*
4  *and Control Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986). Although Rule 26(b)
5  and Rule 45 apply equally to discovery of nonparties, the fact of nonparty status may be
6  considered by the court in weighing the burden imposed in the circumstances. *See Truswal Sys*
7  *Corp. v. Hydro Air Eng'g Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987).

8  Bald statements of counsel that a subpoena is unduly burdensome, unsupported by
9  affidavits or evidence, are unhelpful. *See Truswal*, 813 F.2d at 1211.

**4. Analysis -- Burden**

NECEA makes familiar arguments about the unfair burden of producing any of the information sought, coupled with assertions that some of the documents should be gotten from Tessera and that even the four categories (rather than the original 53) still seek too much. But, as to burden, it offers no evidence (i.e. facts, figures, time estimates),[4] and the court is unpersuaded.

While some of the information Micron seeks here could be obtained from Tessera, Micron argues that Tessera has been less than forthcoming in responding to Micron's discovery. And, the court will narrow the scope of the arguably duplicative discovery to a level that should not impose an undue burden on NECEA.

**CONCLUSION**

The NECEA products for which discovery must be produced are those imported, made, used, sold or offered for sale in the United States that have at least one die in a face down configuration in a wire-bonded ball grid array (including in a wire-bonded stacked ball grid array) and/or are packaged in a folded stack package. The start date for responsive documents and things is January 1, 2004. The production shall include:

---

[4] NECEA complains that some of the information sought may have to come from its Japanese parent company, and that it would be time-consuming and inconvenient to get it. Significantly, it does not contend that there is any legal or practical bar to obtaining the information, and confirms that its parent will cooperate with any order the court enters.

4

    a. Documents sufficient to identify the structure, design, and manufacture of the products;

    b. Documents sufficient to identify the products by number, name, or other unique descriptor;

    c. Advertising, marketing, and/or promotional materials which relate to the packaging of the products;

    d. Documents sufficient to identify the dollar amount and number of units, by quarter, of the products sold or imported into the United States;

    e. All communications to and from Tessera and NECEA (or Tessera and NEC Electronics Corporation) relating to any technology provided by Tessera or relating to Micron; and

    f. Two physical samples of each distinctive type of semiconductor packaging used in the products.[5]

Although no mention has been made of a protective order, certainly NECEA is entitled to protection of its sensitive proprietary information. If there is not an existing order entered in the Texas court which will serve, this court can provide one.

The production shall take place by July 14, 2006.

**IT IS SO ORDERED.**

Dated: 6/14/06

                                       /s/ Howard R. Lloyd
                                       HOWARD R. LLOYD
                                       UNITED STATES MAGISTRATE JUDGE

---

[5] Micron will pay NECEA the reasonable cost of these samples.